United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | No. C-09-1023 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS; DENYING PLAINTIFF'S MOTION TO STRIKE; VACATING HEARING** |
| v. | |
| CARMINA BASTO, et al., | |
| Defendants, | |
| AND RELATED COUNTERCLAIMS. | |

Before the Court are plaintiff's motions, each filed June 1, 2009, to dismiss defendants' Counterclaims and to strike such Counterclaims pursuant to § 425.16 of the California Code of Civil Procedure. Defendants have filed a single opposition to the motions, to which plaintiff has filed a single reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearings scheduled for August 14, 2009, and rules as follows.

**DISCUSSION**

**A.    Motion to Dismiss**

1. Contrary to defendants' argument, defendants' counterclaim for "Intentional Interference with Prospective Economic Advantage" is subject to dismissal, for the reason that defendants have failed to sufficiently allege that plaintiff engaged in an "independently wrongful" act. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1158-59

(2003) (holding "[t]o establish a claim for interference with prospective economic advantage [ ] a plaintiff must plead that the defendant engaged in an independently wrongful act"; noting "an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard"). Although defendants allege they received two letters from counsel for plaintiff "threatening to file a case" (see Counterclaims ¶ 5) and assert such letters were "false and misleading" and "amount[ed] to violations of California Business and Profession[s] Code sections 650 and 16600" (see Opp'n at 3:21-23), defendants have failed to show how such statutes are in any way relevant to the instant action, see Cal. Bus. & Prof. Code § 650 (setting forth rules governing receipt of consideration by health care providers for referral of patients, clients, or customers); Cal. Bus. & Prof. Code § 16600 (providing "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void").[1]

      2. Contrary to defendants' argument, defendants' counterclaim for "Intentional Interference with Contract" is subject to dismissal, for the reason that defendants have failed to sufficiently allege that plaintiff engaged in an "act[ ] designed to induce a breach or disruption of the contractual relationship." See Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 55 (1998) (internal quotation and citation omitted). Although defendants' Counterclaims refer to a "contract between [d]efendants and Direct TV" (see Counterclaims ¶ 8), defendants have failed to allege any act undertaken by plaintiff that constituted interference with such contract.

      3. Contrary to defendants' argument, defendants' counterclaim for "Intentional Infliction of Emotional Distress" ("IIED") is subject to dismissal. In particular, defendants' conclusory allegation that they were sent "harassment letters" by plaintiff (see

---

[1] Defendants' reliance on Sosa v. DirecTV, Inc., 437 F.3d 923 (9th Cir. 2006) is unavailing. Although Sosa recognized that presuit letters may "come within a statutory restriction" if "the statute unavoidably so requires" or if such letters contain "representations so baseless that the threatened litigation would be a sham," see id. at 940, defendants, as set forth above, have failed to point to any statute relevant to the letters herein.

2

Counterclaims ¶ 10) fails to constitute an allegation of conduct that was "so extreme as to exceed all bounds of that usually tolerated in a civilized community," see Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982).  Further, defendants have failed to allege that, as a result of any such conduct, they suffered "severe or extreme emotional distress."  See id.

4. Contrary to defendants' argument, defendants' counterclaim for "Negligent Infliction of Emotional Distress" ("NIED") is subject to dismissal.  NIED "is not an independent tort but the tort of negligence," see Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 588 (1989) (internal quotation and citation omitted), and defendants have failed to adequately plead a claim for negligence herein, see id. (holding "[t]he traditional elements of duty, breach of duty, causation, and damages apply" to claim of NIED) (internal quotation and citation omitted).

Accordingly, plaintiff's motion to dismiss will be granted, and the Court will afford defendants an opportunity to file an Amended Counterclaim curing the deficiencies noted herein.

**B.    Motion to Strike**

In light of the above rulings, plaintiff's motion to strike will be denied as moot.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's motion to dismiss is hereby GRANTED, and defendants' Counterclaims are hereby DISMISSED, without prejudice to defendants' filing, no later than September 4, 2009, an Amended Counterclaim curing the deficiencies noted.

2. Plaintiff's motion to strike is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated:  August 10, 2009

MAXINE M. CHESNEY
United States District Judge